**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON**

**CIVIL ACTION NO. 17-191-DLB**

**BRYAN G. LEONARD**                                                              **PETITIONER**

**VS.**                         **MEMORANDUM OPINION
AND ORDER**

**J. RAY ORMOND, Warden,**                                    **RESPONDENT**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Inmate Bryan Leonard has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). This matter is before the Court to conduct an initial screening of Leonard's petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

**I.**      **Factual and Procedural Background**

In April 2008, Leonard was indicted for his leadership role in a conspiracy to manufacture and distribute methamphetamine in Kansas City, Missouri. Four months later, Leonard signed a written agreement to plead guilty to five of the counts, including:

1. Conspiracy to manufacture and distribute 500 or more grams of methamphetamine in violation of 21 U.S.C. § 846;

2. Creating a substantial risk of harm to human life (by detonating a claymore mine to destroy his meth lab) in violation of 21 U.S.C. § 858;

3. Discharging a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A);

4. Forcibly assaulting Deputy United States Marshall Scott A. McGaha with a dangerous weapon while he was engaged in his official duties in violation of 18 U.S.C. § 111(a)(1); and

5. Maliciously destroying a building by means of fire and explosive materials in violation of 18 U.S.C. § 844(i).

The plea agreement further recited the sentences Leonard faced under the pertinent statutes and under the sentencing guidelines, as well as his prior conviction for felony drug possession that could subject him to enhanced penalties. Finally, Leonard expressly waived his right to appeal or collaterally attack his convictions or any sentence imposed within the statutory range.

Because Leonard had two prior convictions for felony drug offenses, he was potentially subject to a mandatory minimum term of life imprisonment on the § 846 drug conspiracy count. See 21 U.S.C. § 841(b)(1)(A). However, consistent with the terms of the plea agreement, in August 2008 the government filed a notice pursuant to 18 U.S.C. § 851 relying upon only one prior felony drug offense, a 2004 conviction for possession of methamphetamine. As a result, 21 U.S.C. § 841(b)(1)(A) required a statutory mandatory minimum of 20 years rather than life imprisonment.

The presentence report concluded that Leonard had an offense level of 49, well above the maximum level of 43 set forth in the guidelines table, and a criminal history category of III. As a result, Leonard faced a statutory minimum of twenty years imprisonment on the drug trafficking conviction, with an advisory guidelines range of life imprisonment.

In August 2009, the trial court sentenced Leonard to:

1. Life imprisonment on the drug trafficking conviction under § 841;

2. 120 months imprisonment on the risk-of-harm conviction under § 858;

3. 240 months imprisonment each on the convictions for arson and assaulting a federal officer under §§ 844 and 111, respectively; and

4. 120 months imprisonment on the firearm charge under § 924(c).

The first four prison terms were ordered to run concurrently with one another, with the 10-year sentence under § 924(c) to run consecutively as required by statute. *United States v. Leonard*, No. 4: 08-CR-84-DW-1 (W.D. Mo. 2008).

Leonard did not file a direct appeal from his conviction. He did, however, file a motion to vacate his convictions and sentences pursuant to 28 U.S.C. § 2255. The trial court denied that motion, finding the collateral attack waiver was enforceable and that Leonard's agreement to it was knowing and voluntary. The court further rejected Leonard's allegation that he directed his attorney to file a notice of appeal as not credible. *Leonard v. United States*, No. 4: 10-CV-345-DW (W.D. Mo. 2010). The Eighth Circuit declined to issue a certificate of appealability in 2011.

In his § 2241 petition, Leonard presents four claims for relief. First, he contends that *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016) establishes that conspiracy to commit drug trafficking under 21 U.S.C. § 846 no longer constitutes a "drug trafficking crime" to support a § 924(c) conviction. Leonard's second claim asserts that his conviction under 18 U.S.C. § 111(a) for interfering with a law enforcement officer while engaged in official duties is not a valid predicate offense to enhance his sentence following *Mathis*. Third, Leonard argues that *Mathis* renders invalid the use of his prior Missouri conviction for drug possession as a felony drug offense to enhance his sentence under § 841(b)(1)(A). Leonard's fourth claim asserts that the Supreme Court's decision in *Dean v. United States*, __U.S. __, 137 S. Ct. 1170 (2017), invalidates his sentence. (Doc. # 1 at 6-8).

## II.     Discussion

As a threshold matter, all of Leonard's claims are barred by the collateral attack waiver he agreed to as part of his plea agreement. Claims asserted in a § 2241 proceeding challenging the validity of the petitioner's convictions or sentences constitute collateral attacks, something Leonard expressly waived the right to pursue in his plea agreement. *Muse v. Daniels*, 815 F. 3d 265, 266 (7th Cir. 2016) (holding that a collateral attack waiver "would apply equally in a proceeding under § 2241, had not § 2255(e) taken precedence, for § 2241 is a form of collateral attack."); *Muller v. Sauers*, 523 F. App'x 110, 112 (3rd Cir. 2013) ("Muller's plea agreement included a waiver of collateral-attack rights 'in any post-conviction proceeding, including-but not limited to-any proceeding under 28 U.S.C. § 2255.' Therefore, his plea agreement forecloses relief pursuant to § 2241 …"); *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003) ("The conventional understanding of 'collateral attack' comprises challenges brought under, for example, 28 U.S.C. § 2241, 28 U.S.C. § 2254, 28 U.S.C. § 2255, as well as writs of coram nobis."). Leonard's petition must therefore be denied. *Johnson v. Warden*, 551 F. App'x 489, 491 (11th Cir. 2013); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001). See also *Solis-Caceres v. Sepanek*, No. 13-21-HRW, 2013 WL 4017119, at *3 (E.D. Ky. Aug. 6, 2013) (collecting cases); *Combs v. Hickey*, No. 11-12-JMH, 2011 WL 65598 (E.D. Ky. Jan. 7, 2011).

In addition, none of Leonard's claim are cognizable in a habeas corpus proceeding under 28 U.S.C. § 2241. A federal prisoner challenging the legality of his federal conviction or sentence must generally do so by filing a motion for post-conviction relief

4

under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition pursuant to 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The savings clause of § 2255(e) provides a narrow exception this rule. To properly invoke it, the petitioner must be asserting a claim that he is "actual innocent" of the underlying offense by showing that after the petitioner's conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012) (citing *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001)); *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). The Supreme Court's newly-announced interpretation must, of course, be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308.

The strict requirements to meet this test apply with particular force to challenges to the petitioner's sentence, as opposed to his conviction. In this circuit, to challenge the enhancement of a sentence in a § 2241 petition (1) the petitioner's sentence must have been imposed when the Sentencing Guidelines were mandatory prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner must have been foreclosed from asserting the claim in a successive petition under § 2255; and

5

(3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that—as a matter of statutory interpretation—a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill v. Masters*, 836 F. 3d 591, 599-600 (6th Cir. 2016).

None of Leonard's claims satisfy these requirements. First, Leonard was sentenced under the guidelines in April 2008—three years after *Booker* rendered those guidelines advisory. His claims therefore fail to satisfy *Hill's* threshold requirement for cognizability. In addition, while Leonard points to the *Mathis* decision as a basis for relief, his claims are not actually based upon it. In *Mathis*, in which the Supreme Court reminded courts that for purposes of determining whether to apply the career offender enhancement found in 18 U.S.C. § 924(e)(1), a statute defining a predicate offense is divisible (thus permitting review of *Shepard* materials) only when it defines multiple offenses, not when it merely describes alternative factual means to commit a single offense. *Mathis*, 136 S. Ct. at 2248-50.

Leonard's first claim—that conspiracy to commit drug trafficking under 21 U.S.C. § 846 is not a "drug trafficking crime" within the meaning of § 924(c)—is not based upon *Mathis* at all. *Mathis* addressed only the determination of whether a statute used to enhance a federal sentence defines one offense or many; that decision in no way relates to the definition of a "drug trafficking offense" as a predicate to support a *conviction* under § 924(c). This claim is therefore not cognizable under § 2241.[1]

---

[1] This claim is also meritless. The term "drug trafficking offense" means "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.) ..." 18 U.S.C. § 924(c)(2). Because the conspiracy provision, 21 U.S.C. § 846, was enacted as part of the Controlled Substances Act, the statute necessarily defines a "drug trafficking offense." Cf. *Acosta-Cazares v. U.S.*, 1993 WL 64143 (6th Cir. 1993) (citing *United States v. Chaidez*, 916 F.2d 563, 565-66

6

Like his first claim, Leonard's assertion that his conviction under § 111(a) for interfering with a law enforcement officer was not a valid basis to enhance his sentence under § 846 is not based upon *Mathis*, and hence is not cognizable in this § 2241 proceeding. Section 111(a) defines only a single offense and, more fundamentally, it was prosecuted in the same federal case and his § 846 conviction, making reference to extrinsic *Shepard* materials simply unnecessary. This claim is also factually baseless, as the enhancement of Leonard's § 846 sentence was based only his prior 2004 conviction for possession of methamphetamine; Leonard's § 111(a) conviction resulted in a separate federal sentence for that crime, not the enhancement of his sentence for a distinct federal offense.

In his third claim, Leonard contends that *Mathis* precludes reliance upon that 2004 Missouri conviction for drug possession as a basis to enhance his sentence under § 841(b)(1)(A). But *Mathis* does not address or relate to enhancement under that provision. *Mathis* involved enhancements under 18 U.S.C. § 924(e), and its holding is applicable to enhancements under that section and the functionally-identical guidelines counterpart found in U.S.S.G. § 4B1.1(a). But Leonard's sentence was not enhanced under either of these provisions. Instead, his sentence was enhanced under the far simpler provision found in 21 U.S.C. § 841(b)(1)(A) because he had previously committed one "felony drug offense." To qualify as a "felony drug offense," no detailed comparison of elements is required. Rather, 21 U.S.C. § 802(44) merely requires that the prior state or federal offense (1) be punishable by more than one year in prison, and (2) that it "prohibits or

---

(9th Cir. 1990) (*per curiam*); *United States v. Torres*, 901 F.2d 205, 242 (2d Cir.), *cert. denied*, 111 S. Ct. 273 (1990)).

restricts conduct *relating to* narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." (emphasis added).

By its terms, § 802(44) does not require that the prior offense constitute any particular species of crime, but only that it "relat[e] to" conduct involving drugs. Given the breadth of this definition, the use of the categorical approach described in *Mathis* is neither necessary nor appropriate. *See United States v. Graham*, 622 F. 3d 445, 456-57 (6th Cir. 2010); *United States v. Spikes*, 158 F.3d 913, 932 (6th Cir. 1998) ("[Section] 802(44) only requires that the state statute criminalize conduct 'relating' to drugs. The use of the expansive term 'relating' as the only substantive limitation on the reach of the statutory phrase 'felony drug offense' clearly indicates that the statute encompasses drug offenses that involve the simple possession of drugs."), *cert. denied*, 525 U.S. 1086 (1999). The more complex analysis involved in cases governed by *Mathis* is simply not relevant to Leonard's circumstances.

For these reasons, Leonard's purported *Mathis* claims fail to establish any basis for habeas relief. Cf. *United States v. Smith*, No. 1:12-CR-88-1, 2017 WL 3528954, at *5-6 (W.D. La. July 11, 2017) (rejecting the exact argument pressed here and correctly noting that "[t]he categorical approach in *Moncrieffe* and *Taylor* has never been applied to the enhanced penalty provisions of § 841(b)(1)(A) and has never been used to interpret the phrase 'felony drug offense' in 21 U.S.C. § 802(44).") (citing *United States v. Wing*, No. 5:13-CR-87-JMH, 2016 WL 3676333, at *2 (E.D. Ky. 2016)).

Leonard's fourth claim asserts that *Dean* entitles him to resentencing. In *Dean*, the Supreme Court concluded that 18 U.S.C. § 3553(a) permits a sentencing judge to consider the mandatory minimum sentence required for a § 924(c) conviction and the fact

that the sentence must run consecutively to other sentences when calculating the sentence to impose for the underlying drug trafficking crime. *Dean*, 137 S. Ct. at 1175-77. Notably, Leonard makes no allegation that his sentencing judge failed to consider these circumstances. Even if he did, however, *Dean* does not afford a basis to revisit every final sentence imposed under § 924(c) because "[t]here is nothing in the Supreme Court's opinion in *Dean* to suggest that the holding is to be applied retroactively to cases on collateral review." In addition, *Dean* addressed permissible considerations in sentencing under § 3553(a), it did not address any definitional matters under § 924(c) that would indicate that Leonard's sentence under that provision was invalid. *Simmons v. Terris*, No. 17-cv-11771, 2017 WL 3017536, at *2-3 (E.D. Mich. July 17, 2017); *Bennett v. Terris*, No. 2: 17-CV-11251, 2017 WL 4551471, at *2 (E.D. Mich. Oct. 12, 2017); *Davis v. Williamsburg*, No. 1: 17-CV-2222-PMD, 2017 WL 5897820, at *1 (D.S.C. Nov. 30, 2017). Accordingly,

**IT IS ORDERED** as follows:

(1)　Bryan Leonard's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**.

(2)　The Court will enter a corresponding Judgment.

(3)　This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This 19th day of December, 2017.



Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\ProSe\Leonard 17-191-DLB Memorandum RBW.docx